E-FILED
Friday, 16 October, 2026 01:57:46 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| JORGE I. GALVEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:25-cv-01475-SEM-DJQ |
| | ) | |
| MINDI NURSE AND PAUL DURRE, | ) | |
| | ) | |
| Defendants. | | |

**ORDER**

Plaintiff, proceeding pursuant to 42 U.S.C. § 1983 pro se and presently incarcerated at Lawrence Correctional Center, alleges Defendants violated his Eighth Amendment rights by imprisoning him under unconstitutional conditions at Pontiac Correctional Center.

The Court must "screen" Plaintiff's complaint to determine if Plaintiff states a claim for relief. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013).

A. <u>Facts</u>

Plaintiff sues Warden Mindi Nurse and Correctional Officer Paul Durre.

Nurse was aware of inmates smoking a drug called K2 in the restrictive housing area of Pontiac and did not take steps to address that problem, exposing Plaintiff to K2 smoke. Plaintiff's asthma was exacerbated by the K2 smoke.

Nurse was aware of these issues because of grievance activity Plaintiff engaged in in 2022 related to instances of K2 smoke exacerbating his asthma, and instances of lack of access to his inhaler. These grievances were addressed by Nurse putting her on notice of these issues. Nurse did not address the problem despite knowing about it.

Nurse allowed the K2 use to continue and did not allow restrictive housing inmates to have their inhalers in their restrictive housing cells, creating a known unreasonable risk to inmates who needed inhalers. Plaintiff returned to restrictive housing in April 2023, and experienced the K2 smoke problem, and the issues with his asthma, and lack of inhaler access, causing Plaintiff to experience wheezing, coughing, panic attacks, sweating, chest pain, watery eyes, and difficulty breathing.

Defendant Durre denied Plaintiff his inhaler when Plaintiff was experiencing asthma symptoms on May 1, 2, and 4, 2023, knowingly causing Plaintiff to suffer the above listed symptoms.

B. Analysis

"Inmates have the right to 'humane conditions of confinement,' and 'prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Daugherty v. Harrington*, 906 F.3d 606, 611 (7th Cir. 2018) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). "The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones." *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016) (quoting

*Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal citations and quotation marks omitted)).

Plaintiff's allegations are sufficient to state an Eighth Amendment claim against the named Defendants, Nurse and Durre.

IT IS THEREFORE ORDERED:

1. **Plaintiff states an Eighth Amendment claim for unconstitutional conditions of confinement against Defendants Nurse and Durre. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15. Motion for Status [5] is moot.**

2. **This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for the named Defendants before filing any motions, to give notice to said Defendants and an opportunity to respond to those motions. Motions filed before counsel has filed an appearance on behalf of Defendants will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.**

3. **The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an answer. If Defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.**

4. **With respect to a named Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.**

5. **Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer must include all defenses appropriate under the Federal Rules. The answer and later pleadings shall be to the issues and claims stated in this order. In general, an answer sets forth the Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by the Defendants. So, no response to the answer is necessary or will be considered.**

6. **This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will receive electronic notice of any motion or other paper filed by Plaintiff with the clerk. Plaintiff does not need to mail copies of motions and other papers to defense counsel that Plaintiff has filed with the Clerk. But this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. Plaintiff must mail discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.**

7. **Defense counsel is hereby granted leave to depose Plaintiff and shall arrange the time for the deposition.**

8. **Plaintiff shall immediately notify the Court, in writing, of any change in mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.**

9. **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

Entered October 16, 2026.

*s/ Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE